UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA IRENE DELGADO,<br><br>    Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | **Case No. 1:16-cv-00578-GSA**<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF NORMA IRENE DELGADO** |

**I. INTRODUCTION**

Plaintiff, Norma Irene Delgado ("Plaintiff"), seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] A review of the briefs and the administrative record reveals that the ALJ's decision is supported by substantial evidence. Therefore, Plaintiff's appeal is DENIED.

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 7 and 10).

1

## II. BACKGROUND AND PRIOR PROCEEDINGS[3]

The parties agree that the Plaintiff properly exhausted her administrative remedies and that the Appeals Council denied Plaintiff's appeal. Therefore, this appeal is a review of a decision issued by Administrative Law Judge ("ALJ") Regina L. Sleater on October 23, 2014, which is considered the Commissioner's final order. *See*, 42 U.S.C. §§ 405(g), 1383(c)(3). AR 20-31.

### A. Issue Presented

The sole issue on appeal is whether the ALJ committed reversible error by failing to consider Listing Impairment 12.05C at step three of the disability determination process. Plaintiff argues that the ALJ was required to address this listing impairment because her IQ score is between 60 and 70, she suffers from other severe impairments not related to intellectual disability including depression and a personality disorder, and she suffers from deficits in adaptive functioning. She contends that the ALJ should have addressed this listing in the decision, and her failure to do so requires that the case be remanded so that the appropriate findings can be made. (Doc. 16, pgs. 4-13; Doc. Doc. 18, pgs. 2-9). The Commissioner argues that the ALJ's decision is supported by substantial evidence because Plaintiff did not raise this issue at the hearing before the ALJ, Plaintiff does not meet all of the criteria for the listing, and the ALJ adequately addressed Plaintiff's mental limitations in the decision. (Doc. 17, pgs. 5-9).

## III. THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which

---
[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.
42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 416.920(a). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 416.920 (a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 416.913.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments; (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 416.920(a)(4).

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 17-31. In particular, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 21, 2012, the alleged amended disability onset date. AR 23. Further, the ALJ identified obesity, status post hernia surgery with small intestine resection of ten centimeters, low back pain, borderline intellectual function, and depression as severe impairments. AR 23. Nonetheless, the ALJ determined that Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 23-25.

Based on a review of the entire record, the ALJ determined that Plaintiff had the RFC to perform a range of light work. Specifically, Plaintiff could lift and carry up to twenty pounds occasionally and ten pounds frequently; she was able to stand and/or walk up to six hours and sit for six hours in an eight hour day; she could occasionally stoop, kneel, crouch, and climb ramps or stairs; she was unable to crawl or climb ladders, ropes or scaffolds; she had no limitations performing simple tasks, but she could only occasionally perform detailed tasks; and she could

only have occasional contact with the public. AR 25-30. The ALJ found that Plaintiff had no past relevant work. AR 30. However, the ALJ determined Plaintiff could perform work in the national economy including work as an assembler, a cleaner, and a packing-line worker. AR 31. Given the above, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act. AR 31.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## V. DISCUSSION

Plaintiff argues that the ALJ committed reversible error because she failed to address Listing Impairment 12.05C. She contends that the ALJ's failure to address this listing requires remand because although there is evidence that Plaintiff meets all of the criteria of the listing, the ALJ never made any of the requisite findings at step three. In opposition, Defendant argues that: (1) the ALJ was not required to address this listing because Plaintiff did raise this issue at the time of the hearing; (2) in order for remand to be appropriate, Plaintiff must establish that she satisfies all of the medical criteria of the listing and that she is unable to do so because there is no evidence that the Plaintiff's IQ was measured prior to age twenty-two, or that sub-average intellectual functioning manifested itself prior to that age; and 3) the ALJ thoroughly addressed Plaintiff's intellectual functioning when discussing the Listing Impairment at 12.04. Therefore, the ALJ's analysis adequately addresses Plaintiff's mental impairment under Appendix 1 and the decision is supported by substantial evidence. A review of the arguments and the administrative record

4

reveals that although the ALJ did not formally address listing 12.05C at step three, her findings regarding Plaintiff's mental impairments were adequately addressed in the opinion and her disability determination is supported by substantial evidence.

**A. Legal Standards**

At step three, a claimant's impairment or combination of impairments is medically equivalent to a listed impairment if the claimant's impairment or combination of impairments "is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). To demonstrate that a condition matches a listed impairment, the claimant must show that the impairment meets *all* of the medical criteria in a listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id*. To "equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 416.926(a).

The Intellectual Disability Listing 12.05 "refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. The listing further states that the level of severity for the intellectual disability impairment is met when any of four sets of additional requirements is satisfied. *Id*. The third of those four sets which is relevant in this case requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id*. § 12.05C. The Ninth Circuit has held that Listing 12.05C has three main components: (1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) an IQ score of 60 to 70; and (3) a physical or other mental impairment causing an additional and significant work-related limitation. *Kennedy v. Colvin*, 738 F. 3d 1172, 1175-1176 (9th Cir. 2013).

Here, the parties do not contest the fact that Plaintiff's IQ scores fall within the range defined under 12.05C. Plaintiff's IQ was evaluated on December 19, 2011 by Jennifer Fanzo, MA

5

and Dr. Treon Hinmon, Psy. D. AR 398. Plaintiff's full scale IQ was 63, her verbal comprehension score was 70, her perceptual reasoning score was 65, her processing speed was 76, and her working memory score was 66. AR 398. Instead, the Commissioner argues that Plaintiff did not raise this issue at the hearing, and she has not presented evidence that subaverage intellectual functioning with deficits in adaptive functioning manifested themselves prior to that age.[4] Therefore, Plaintiff has not presented evidence that she meets the severity and duration requirements of the listed impairment which would have triggered the ALJ's duty to discuss this limitation. The Court agrees with the Commissioner's arguments in part.

Preliminarily, the Court is troubled by the fact that Plaintiff's counsel (who represents Plaintiff in this appeal, and who also represented Plaintiff at the administrative level) did not raise the 12.05C listing issue at the time of the hearing. AR 71-111. Instead, Plaintiff's counsel focused predominantly on Plaintiff's physical impairments as the basis for her disability claim. AR 81-89; 91-101. Plaintiff's psychological impairments were addressed by the ALJ in the second half of the hearing (AR 89-94), however, counsel never raised Plaintiff's intellectual functioning when questioning Plaintiff, or when addressing the ALJ. AR 96-102; 110-111. Furthermore, at the end of the hearing, the ALJ gave counsel additional time to obtain treatment records related to Plaintiff's case. Counsel submitted the documents and the ALJ considered them. AR 20; 91; 111-112; 619-787. Again, Plaintiff did not raise arguments related to a 12.05C listing and none of the additional documents related to that claim. Similarly, although counsel raised the 12.05C listing issue in a letter to the Appeals Council (AR 376-378), he did not offer additional documents in support of his arguments even after reviewing the ALJ's decision, nor has he offered additional documents as part of this appeal.

Plaintiff argues the failure to raise this issue previously is not fatal to her claim because it is the agency's burden to consider evidence related to any impairments presented and there was enough evidence to establish eligibility for the listing. She further argues that under *Sims v. Apfel*,

---

[4] The Commissioner also argues that there is no indication that Plaintiff's IQ was measured before the age of 22 which renders her ineligible to qualify under 12.05C. However, the Court finds this argument unpersuasive as Defendant has not provided any legal support that IQ testing is required prior to the age of 22 under the plain language of the listing.

120 S. Ct. 2080, 2086 (2000), she did not waive the issue because the Supreme Court has held that issue exhaustion, in addition to exhaustion of administrative remedie, is not required in Social Security cases. Thus, the issue was preserved when she filed her appeal with the Appeals Council. (Doc. 18, pgs. 6-9).

Given the holding in *Sims*, Plaintiff's failure to raise this issue at the hearing before the ALJ arguably does not preclude her from raising it before this Court. However, the failure to do so in this case is problematic for several reasons. First, Plaintiff bears the burden of proving that she is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999); 20 C.F.R. § 416.912. Furthermore, under the law of this circuit, an ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence *in an effort to establish equivalence*. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (An ALJ's failure to consider equivalence was not reversible error because the claimant did not offer any theory, plausible or otherwise, as to how his impairments combined to equal a listing impairment). In this case, the only reference counsel made to Plaintiff's intellectual functioning at the time of the hearing was in a question he posed to the vocational expert in which he referenced Plaintiff's IQ scores and hypothesized that Plaintiff had a cognitive disorder which renders her off-task about fifteen percent of the time. AR 109-110. This presentation of evidence is insufficient to establish equivalence as required under *Burch*. If plaintiff was attempting to establish a 12.05C listing, such arguments should have been fully developed at the administrative level. *See Solorzano v. Astrue*, No. 5:11–cv–0369–PJW, 2012 WL 84527, at *6 (C.D. Cal. Jan 10, 2012) ("Counsel are not supposed to be potted plants at administrative hearings. They have an obligation to take an active role and to raise issues that may impact the ALJ's decision while the hearing is proceeding so that they can be addressed.")

Moreover, the Court is not persuaded by Plaintiff's argument that she has presented evidence establishing equivalence under all of the medical criteria of the listing even at this stage of the case. Plaintiff contends that she meets the criteria for the 12.05C listing because she has a valid IQ score between 60-70; she has deficits in adaptive functioning including that she was

7

enrolled in special education classes in elementary school and dropped out of high school when attending general education classes; she has an inconsistent work history; and she was incarcerated. (Doc. 16, pgs. 7-13). However, these factors do not establish equivalence because 12.05C requires that the deficits in adaptive functioning must have occurred before the age of 22. *Kennedy*, 738 F. 3d at 1175-1176. Many of the adaptive functioning deficiencies Plaintiff relies upon such as work history and her incarceration occurred in adulthood.

Similarly, the Court does not agree with counsel's representation that the ALJ did not make any findings with regard to the relevant criteria, specifically with regard to Plaintiff's attendance in special education classes. A review of the ALJ's decision reveals that although the ALJ did not address the 12.05C listing *per se* at step three of the decision, the judge made specific findings with regard to Plaintiff's mental impairment and her adaptive functioning prior to the age of 22, which are supported by the medical record. Specifically, the ALJ noted that Plaintiff referred herself for a psychological evaluation in December 2011 alleging difficulties in learning and that she reported she had received special education services in elementary school but was in regular classes in high school. The ALJ found, however, that there were no records to confirm Plaintiff's history in special education. AR 28. The ALJ also found that the psychological examiners (Ms. Fanzo and Dr. Hinmon) emphasized "there was no clear history of cognitive delays prior to adulthood," which is supported by the record. AR 28; 400 ("Etiology of delays is unclear given the lack of documentation of any impairment prior to reaching adulthood"). Moreover, the ALJ found that the examiner noted it was unclear whether Plaintiff's drug history influenced her current intellectual functioning, which was also accurate. AR 28; 400 ("Norma has a history of drug use and it is unclear as to what her level of functioning was prior to using methamphetamines"). Finally, and the ALJ correctly noted that specialists concluded that Plaintiff was not eligible for services intended for mentally challenged adults. AR 28; 609 (Central Valley Regional Center finding Plaintiff not eligible for services because "[t]here is no evidence of qualifying disability prior to age eighteen)."

These statements indicate that although the ALJ did not specifically address Listing 12.05C at step three in the opinion, she made specific findings regarding Plaintiff's

mental/intellectual impairments and her adaptive functioning prior to the age of 22, establishing that Plaintiff did not meet all of the criteria of the 12.05 C listing. This analysis of the medical evidence related to Plaintiff's mental impairments provides an adequate statement for the ALJ's non-disability determination, especially in light to the fact that counsel never raised the 12.05C listing issue at the time of the hearing. *Gonzalez v. Sullivan*, 914 F. 2d 1197, 1201 (9th Cir. 1990) ("It is unnecessary to require the Secretary, as a matter of law, to state why a claimant failed to satisfy every different section of the listing impairments. The Secretary's four page 'evaluation of the evidence' is an adequate statement of the 'foundations on which the ultimate factual conclusions are based' "). Given the above, the Court finds that the ALJ's decision is supported by substantial evidence and it is based on the proper legal standards.

**VI. CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's determination that Plaintiff is not disabled under the Social Security Act is supported by substantial evidence. Accordingly, the Court DENIES Plaintiff's appeal. The Clerk of this Court is DIRECTED to enter judgment in favor of Nancy A. Berryhill, Commissioner of Social Security and against Plaintiff Norma Irene Delgado, and to close this action.

IT IS SO ORDERED.

Dated: **July 7, 2017**          **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE